TIPPETT, EXRX., APPELLEE, *v.* MILES, APPELLANT.

[Cite as Tippett v. Miles, 1 Ohio App. 2d 150.]

(No. 7372—Decided January 7, 1964.)

*Mr. Robert P. Barnhart,* for appellee.
*Messrs. Chester & Rose,* for appellant.

BRYANT, J. This is an appeal on questions of law by Walter P. Miles, appellant herein, defendant below, from the final order of the court below awarding judgment in the amount of $6,150 and costs in favor of Elizabeth Tippett, executrix of the estate of Charles S. Strayer, deceased.

All the facts were stipulated, a jury was waived, and the matter was submitted to the court below acting as judge and jury.

It appears that on May 22, 1946, Charles S. Strayer and Martha G. Strayer, husband and wife respectively, hereinafter called Strayers, and Walter P. Miles entered into an agreement under which the Strayers sold, conveyed and delivered to Miles stock in three Ohio corporations as follows: The Garden Amusement Company, 124 shares; Hudson Amusement Company, 124 shares; and Northern Theatre, Inc., 124 shares, in consideration for the payment by Miles of one dollar and his promise to pay to the Strayers, or the survivor, $50 per week for their lives. In addition, Miles agreed to carry life insurance on his life in the amount of $10,000, pledged to meet the $50 weekly payments.

On or about April 4, 1959, Mrs. Strayer died and on or about May 15, 1959, Mr. Strayer died. It appears that Miles made the $50 weekly payments from the time the agreement was entered into until February 1950, and that for a period of 123 weeks, ending in May 1953, he made no payments at all. From May 18, 1953, until the death of Mr. Strayer, Miles made payments of $50 each week. Mrs. Strayer had died before the death of her husband.

Plaintiff, appellee herein, as executrix of the estate of Charles S. Strayer, deceased, on December 3, 1959, filed a petition in the Court of Common Pleas of Franklin County, seeking judgment for $8,400, with interest and costs for a total of 168 weeks at $50 per week. On behalf of defendant the execution of the contract and the delivery of the stock from the Strayers to Miles were admitted. The contract in the final paragraph on the first page gave the Strayers "at his or her option," in the event of the failure of Miles to make any payment, the right to make

demand for payment which, if not paid in fourteen days, "then this contract shall be considered to be in default and the balance due under it shall be computed * * *."

Because the Strayers did not exercise this "option" the defendant contends that the Strayers waived and forfeited the right to collect for the period during which admittedly no payments were made.

The contract expressly provides that the payments of $50 a week shall be due and payable during the lives of the Strayers, or the survivor, and the provision as to declaring the contract in default in the event of a failure on the part of Miles to make any weekly payment is clearly and expressly made subject to the wishes of the Strayers, "at his or her option." The failure of the Strayers to exercise this option would seem to have no effect on the duties or responsibilities of Miles.

In the court below, the above defense was interposed by Miles but was rejected. It was stipulated that Miles had defaulted in payments for 123 weeks at $50 per week for which judgment in the amount of $6,150 and costs was awarded.

The errors assigned are that (1) the judgment is not supported by sufficient evidence and is contrary to law, (2) the trial court erred in overruling defendant's motion for a new trial and (3) the judgment is against the weight of the evidence.

After careful consideration of the three errors assigned, the record and original papers, the two opinions of the court below, the briefs and the arguments of counsel, we have concluded that the decision of the court below does not contain errors prejudicial to defendant, that the judgment of the court below is supported by sufficient evidence; that it is not contrary to law; that the court below did not err in overruling defendant's motion for a new trial; and that the judgment is not against the weight of the evidence.

We conclude that the three errors assigned, and each of them, are not well taken and must be overruled; that the judgment of the court below must be, and is, affirmed at the costs of defendant; and that the cause be remanded to the court below for enforcement of the judgment and costs.

*Judgment affirmed.*

DUFFY, P. J., and TROOP, J., concur.

TROOP, J., concurring. I concur in the decision affirming the judgment and final order of the trial court but prefer to point out specifically that there appears to this branch of the court no conflict in the provisions of the contract under examination. Consideration for the transfer of the stock is $1 and $50 per week for the balance of the lifetimes of Charles S. and Martha G. Strayer. There is no ambiguity in the language of the contract. Following the recital of the dollar terms, and referring to it directly, the contract says: "It is understood and agreed that this is the total price * * *."

The requirement for a notice in case of failure to pay any weekly payment bears no relation to the total purchase price but relates only to a method of payment. Guarantees of payment are provided by life insurance upon the life of Walter P. Miles and other provisions. Following provision for $10,000 in life insurance there is recited a requirement of notice in order to produce acceleration of the due date of the total amount due, a method of calculation of the accelerated sum by the use of mortality tables, the interest rate on the defaulted payments and, finally, a power of attorney to confess judgment.

There is no conflict of provisions. The calculated "total price" is $50 per week for the lifetimes of the Strayers. The provision for acceleration in case of default was an option given to the Strayers which they did not elect to exercise. A balance remains due and unpaid, as found by the trial court. A failure to give notice did not constitute a waiver of the balance of the "total price."

Counsel urges that the intention of the parties must be respected when a court is called upon to interpret a contract. In oral argument the contract was presented as an instrument designed to produce retirement income for the Strayers. Such may have been an incidental result but the language of the agreement is that of a contract for the sale of stock with deferred payment arranged and containing a device for acceleration of due date and judgment.

(Decided February 11, 1964.)

ON MOTION for rehearing.

BRYANT, J. The sole question before the court at this time arises upon a motion for rehearing filed on behalf of defendant

with respect to an opinion rendered by this court on January 7, 1964. In that opinion this court overruled the three errors assigned on behalf of defendant and affirmed the judgment of the court below.

The principal contentions of defendant in support of his motion for rehearing are, in substance, as follows: First, that the decision of this court on January 7, 1964, had the effect of rendering several paragraphs of the contract in question meaningless, while the construction urged by counsel for appellant gives meaning to all provisions of the contract; and, second, that the court in its opinion of January 7, 1964, erred in finding that Strayer did not, under the terms of the contract, waive any and every default thereby making an election.

It would seem clear that, under the contract, the Strayers, or the survivor, were entitled to receive weekly payments for life from Miles. It is also true that if Miles "shall fail to pay any weekly payment at due date" the Strayers had the right to make written demand on Miles for the defaulted payment and that the Strayers had a right to declare the contract in default and to demand a lump sum payment computed according to a formula in the contract. We believe that this was a right or a privilege and in no sense was obligatory on the Strayers for the reason that the contract in conferring this right expressly states it may be exercised "at his or her option." It would appear to be the contention of counsel for defendant that if a payment were defaulted by Miles, the Strayers, not at their option but as a requirement of the contract, were compelled either to declare the contract in default or forever lose their right to sue for the default installment or installments. The chief difficulty with this contention is that it renders meaningless the language "at his or her option."

We do not believe this interpretation is warranted. For the reasons set forth above, the motion for rehearing must be, and is, overruled.

*Former judgment adhered to.*

DUFFY, P. J., and TROOP, J., concur.